STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
CA 05-280

CHARLENE TRAHAN

VERSUS

KATHLEEN TRAHAN JOHNSON, ET VIR

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 04-67747
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

AFFIRMED.

Bruce Achille Gaudin
Attorney at Law
100 W. Bellevue Street
Opelousas, LA 70570
(337) 948-3818
Counsel for Defendants/Appellees:
Kathleen Trahan Johnson
Denver Johnson

**Stanford B. Gauthier, II**
**Attorney at Law**
**1405 West Pinhook Road, Suite 105**
**Lafayette, La 70503**
**(337) 234-0099**
**Counsel for Plaintiff/Appellant:**
**Charlene Trahan**

**EZELL, JUDGE**.

This is a suit by a seller to rescind a cash sale of property. Charlene Trahan sold a half-acre parcel of land for $1,000.00 to her sister, Kathleen Johnson, on March 15, 2003. Later, Kathleen sent notice to Charlene requesting that Charlene move a mobile home on an adjacent tract which encroached on the sold parcel by 2.31 feet. Charlene then filed suit to rescind the sale of the property to Kathleen. Both Charlene and Kathleen filed motions for summary judgment. The trial court granted summary judgment in favor of Kathleen and denied summary judgment in favor of Charlene. Charlene filed this appeal.

## FACTS

Leopold Trahan, the father of Charlene and Kathleen, owned a tract of land in St. Martin Parish. When he died, the property was partitioned into eight tracts with each of his seven children receiving a tract and their mother, Phyllis Trahan, receiving the eighth tract. A judgment of possession was signed on November 12, 2002.

In March 2003, Kathleen offered to buy the parcels of land from two of her sisters, Barbara and Charlene. Barbara sold the 1.602 acres in Parcel Two to Kathleen for $2,500.00. Charlene sold the 0.500 acres in Parcel Four to Kathleen for $1,000.00. Both sales took place on March 15, 2003.

Parcel Five, received by their mother, was adjacent to Parcel Four bought by Kathleen. Their mother had moved a mobile home onto the property after her husband's death and lived there with Charlene. After Kathleen purchased the two parcels of land from her sisters, her mother wrote a will leaving the mobile home and property in Parcel Five to Charlene on May 20, 2003. The mother died on September 25, 2003.

1

Subsequent to the mother's death, a survey was performed on October 23, 2003, indicating that mobile home on Parcel Five encroached onto Parcel Four by 2.31 feet. On February 10, 2004, a demand was made by Kathleen to move the mobile home. Charlene obtained an estimate of $11,350 to move the mobile home. Charlene filed suit to rescind the sale of Parcel Four. Both parties filed motions for summary judgment.[1]

The trial court granted summary judgment in favor of Kathleen refusing to rescind the sale of property. Although the court found that the encroachment of the mobile home was an error or mistake, it found that it was not the principle cause for the sale of the land and, therefore, did not constitute sufficient grounds for rescinding the sale. The trial court then dismissed the suit filed by Charlene. Charlene appeals the grant of summary judgment in favor of Kathleen.

## ERROR

Charlene argues that the facts of this case clearly warrant recision of the cash sale to Kathleen. She claims that the trial court erred in granting summary judgment in favor of Kathleen because there was a mutual error by both Kathleen and herself which warrants recision of the cash sale.

> Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-0066 (La.7/6/04), 880 So.2d 1. The movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant meets this initial burden, the burden then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. *Richard v. Hall*, 03-1488 (La.4/23/04), 874 So.2d 131, 137. Thereafter, if plaintiff fails to meet this burden, there is no genuine

---

[1] Charlene filed suit against both Kathleen and her husband Denver. During the process it was revealed that Kathleen and Denver had executed a separate property agreement which was approved by judgment on June 29, 2001, before the sale of the land. Charlene has not disputed that the property was sold to Kathleen under a separate property regime so all references in this appeal refer to Kathleen as the sole buyer of Parcel Four.

2

issue of material fact and defendant is entitled to summary judgment as a matter of law. *Id.* This court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago*, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006 (citing *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La.7/5/94), 639 So.2d 730, 751). Further, this court has defined a "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Id.*

*Champagne v. Ward*, 03-3211, pp.4-5 (La. 1/19/05),1393 So.2d 773, 776-66.

Charlene claims that both parties envisioned the sale of an "unimproved" half acre parcel of land, not a piece of land with an encroaching structure. On the other hand, Kathleen argued that summary judgment was proper because the principal cause for the sale of the piece of property was the exchange of $1,000 cash for the land and the fact that her mother's mobile home encroached on the property is not the type of error that permits the recision of a sale.

The law provides that "[c]onsent may be vitiated by error, fraud, or duress." La.Civ.Code art. 1948. Concerning error, La.Civ.Code art. 1949 provides that "[e]rror vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." Comment (b) to Article 1949 further provides that "relief for error may be granted only when the error affects the cause of the obligation, that is, when a party's consent has been determined by it."

The obligations of a seller are found in the Civil Code articles on "Sale", more specifically Chapter Seven. Louisiana Civil Code Article 2475 provides that a "seller is bound to deliver the thing sold and to warrant to the buyer ownership and peaceful possession of, and the absence of hidden defects in, that thing. The seller also warrants that the thing sold is fit for its intended use."

We agree with the trial court that neither the buyer nor the seller was aware of the mobile home encroachment at the time of the sale. However, this is not an error

3

but a breach of the obligations owed by the seller to the buyer. The fact that the mobile home encroaches on the property bought by Kathleen is a breach of Charlene's obligation to deliver merchantable title. *Young v. Stevens*, 252 La. 69, 209 So.2d 25 (1967).

Charlene is attempting to rescind the sale based on her own breach of the purchase agreement to deliver merchantable title. Kathleen does not want to rescind the sale. Charlene cannot rescind the sale for her own breach of the warranty obligation owed to Kathleen. It is Kathleen's right to demand recision of the sale based on Charlene's breach of her warranty obligations as seller.

Therefore, we find that the trial court was correct in not rescinding the sale of Parcel Four and in granting summary judgment to Kathleen. Costs of this appeal are assessed to Charlene Trahan.

**AFFIRMED.**